STATE of Minnesota, Appellant,

v.

Peter Lee HEYWOOD, Respondent.

STATE of Minnesota, Appellant,

v.

Ralph Todd HUBBARD, Respondent.

Nos. C2–83–211, C4–83–212.

Supreme Court of Minnesota.

Sept. 16, 1983.

Hubert H. Humphrey, III, Atty. Gen., Thomas J. Foley, County Atty., St. Paul, for appellant.

J. Thomas Mott, St. Paul, for respondent Heywood.

C. Paul Jones, State Public Defender, Minneapolis, for respondent Hubbard.

AMDAHL, Chief Justice.

These sentencing appeals by the state raise the issue whether the trial court erred in departing dispositionally by staying presumptively executed 54-month prison terms. We affirm.

Defendants Peter Lee Heywood and Ralph Todd Hubbard, ages 21 and 18 respectively, along with Heywood's 31-year-old sister, Lynn, were charged with two counts of burglary with a dangerous weapon and six counts of assault with a dangerous weapon. Lynn Heywood was tried and convicted of all the charges and was sentenced by the trial court to consecutive terms of 90 months and 36 months for the two burglaries and concurrent terms of 65 months for the remaining counts. Defendants each pleaded guilty to counts of burglary with a dangerous weapon in exchange for a dismissal of the other charges and a promise by the prosecutor to recommend concurrent sentencing. Neither had any prior criminal history score, but using the so-called *Hernandez* rule—*see Minnesota Sentencing Guidelines and Commentary*, II. B.101. (1982) and *State v. Hernandez*, 311 N.W.2d 478 (Minn.1981)—each was assigned one point for the second of two burglaries. The presumptive sentence for each offense was 54 months executed as a result of Minn.Stat. § 609.11 (1982), the minimum term law. The trial court, acting pursuant to *State v. Olson*, 325 N.W.2d 13 (Minn. 1982), decided on its own motion to sentence without regard to the mandatory minimum terms of imprisonment specified in section 609.11. The court sentenced each of the defendants to two concurrent 54-month terms but stayed execution and placed each on probation for 20 years with probation conditioned on a year in jail.

In justifying the dispositional departure in Hubbard's case, the court pointed to the defendant's age, the fact that this was his first felony conviction, the fact that his role was more passive than the others, the fact

that none of the victims was seriously injured, and the belief of the probation agent that he would succeed on probation and that he would not do this sort of thing again. In Peter Heywood's case the court pointed to the defendant's youth, the fact that he was less involved in difficulties as a juvenile than Hubbard, evidence that he was amendable to treatment in a probationary setting and that he was not a threat to the public safety, and his reluctance to treat him differently than Hubbard.

In *State v. Fairbanks*, 308 N.W.2d 805 (Minn.1981), we upheld an upward durational departure against a contention that the sentence was unjustifiably severe when compared with the sentences of two accomplices to a burglary of a residence in which the victim was beaten and terrorized. One of the accomplices, Stately, received the presumptive sentence and the other, Robinson, received a downward durational departure. We upheld the appellant's sentence, stating that the disparity was justified because it was appropriate that the appellant receive a greater sentence than Stately because the appellant's conduct was more serious and it was appropriate that Robinson's conduct in discouraging violence toward the victim be recognized. In this case the conduct of both defendants arguably was less serious than that of Lynn Heywood, the planner and instigator of the violence, but we do not believe that their conduct was sufficiently out of the ordinary for the offenses in question to justify a departure of any sort.

The mitigating and aggravating factors listed in section II.D. of the Guidelines focus primarily on the degree of a defendant's culpability. However, when justifying only a *dispositional* departure, the trial court can focus more on the defendant as an individual and on whether the presumptive sentence would be best for him and for society. Thus, in *State v. Garcia*, 302 N.W.2d 643 (Minn.1981), we upheld a refusal to stay execution on the basis of evidence that the defendant was particularly unamenable to probation. Similarly, in *State v. Wright*, 310 N.W.2d 461 (Minn.1981), we approved reliance on the particular amenability of a

defendant to probation as a basis for a dispositional departure in the form of a stay of the presumptively executed sentence. In *State v. Trog*, 323 N.W.2d 28, 31 (Minn. 1982), we said, "Numerous factors, including the defendant's age, his prior record, his remorse, his cooperation, his attitude while in court, and the support of friends and/or family, are relevant to a determination whether a defendant is particularly suitable to individualized treatment in a probationary setting." *See also State v. Clemmer*, 328 N.W.2d 739 (Minn.1983), and *State v. Hennessy*, 328 N.W.2d 442 (Minn.1983).

In the two present appeals, the presentence investigation reports and the sentencing transcripts support the view that the defendants are particularly amenable to probation. While the trial court was more explicit in its reliance on this factor in one of the two cases, we believe it is clear that the court's intent in both cases was to rely on the factor.

Affirmed.