**STATE of Minnesota, Respondent,**

v.

**Russell T. CAMERON, Appellant.**

**No. C1–85–866.**

Court of Appeals of Minnesota.

July 9, 1985.

Review Denied Aug. 29, 1985.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Alan L. Mitchell, St. Louis Co. Atty., Mark S. Rubin, Asst. Co. Atty., Duluth, for respondent.

C. Paul Jones, Minnesota Public Defender, Kathy King, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and PARKER and CRIPPEN, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

On a guilty plea, appellant was convicted of burglary in the second degree, Minn. Stat. § 609.582, subd. 2 (1984). In March 1985, the trial court committed appellant to imprisonment for a term of 46 months, the sentence prescribed under state guidelines on a severity level V offense for a defendant with a criminal history score of five. At the time of sentencing, appellant said he would like to be put on probation, because he knew what his problems were. He appeals the sentence and we affirm.

## FACTS

A probation officer's sentencing report said that appellant is chemically dependent and was experiencing psychiatric problems. Appellant's attorney said that he should have treatment for emotional and mental problems.

Appellant had three prior felony convictions and was incarcerated at St. Cloud reformatory in 1982 and in 1984. He was released in November 1984, and was on parole at the time of his present offense. He had been on probation several times, and in the past he had consistently refused to accept treatment services for chemical dependency or psychological problems.

## ISSUE

Did the trial court err in refusing a dispositional sentencing departure?

## DECISION

If the trial court finds an offense involves "substantial and compelling circumstances," it has authority to depart from a presumptive sentence. *State v. Garcia,* 302 N.W.2d 643 (Minn.1981); Minnesota Sentencing Guidelines II.D; Minn.R. Crim.P. 27.03, subd. 4(C). The substantial and compelling circumstances which justify a dispositional departure, a stay of sentence, include a finding that the defendant is particularly amenable to correction or probation and unamenable to correction by imprisonment. *State v. Heywood,* 338 N.W.2d 243 (Minn.1983).

Until it is found that circumstances would permit a dispositional departure, the trial court cannot exercise its discretion to decide whether a departure is appropriate. The existence of circumstances permitting departure is a "threshold question." *State v. Curtiss,* 353 N.W.2d 262, 263 (Minn.Ct. App.1984).

Here there was no showing of compelling circumstances for departure. There was no evidence, not even argument, to suggest that appellant would use treatment services if sentence were stayed, or that he was in any way amenable to probationary supervision. The record indicates that treatment services will be available for defendant during his incarceration.

The trial court could not properly consider a dispositional departure, and the court correctly elected not to do so.

Affirmed.