*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1950**

State of Minnesota,
Respondent,

vs.

Tyrece Curtis Matthews,
Appellant.

**Filed August 11, 2014
Affirmed
Johnson, Judge**

Ramsey County District Court
File No. 62-CR-13-695

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Kaarin Long, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Sean M. McGuire, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Chutich, Presiding Judge; Johnson, Judge; and Reilly, Judge.

UNPUBLISHED OPINION

**JOHNSON**, Judge

Tyrece Curtis Matthews punched his former girlfriend in the face, causing a severe and permanent injury to her left eye. After pleading guilty to first-degree assault, Matthews requested a downward dispositional departure from the presumptive guidelines sentence. The district court denied his request and imposed the minimum presumptive guidelines sentence of 74 months of imprisonment. We affirm.

## FACTS

On January 23, 2013, Matthews was staying at a motel in the city of St. Paul with his former girlfriend, S.H. During an argument, Matthews punched S.H. in the face. S.H. bled and experienced severe pain. Matthews drove her to a hospital, where doctors discovered that her left "eye globe was ruptured, with an L-shaped tear from the 12 o'clock position through the pupil to the 9 o'clock position." Even after surgery, S.H. has permanent damage to her left eye, including vision loss.

The state charged Matthews with first-degree assault, in violation of Minn. Stat. § 609.221, subd. 1 (2012). In March 2013, Matthews pleaded guilty. In April 2013, Matthews requested a downward dispositional departure, specifically, probation in lieu of the presumptive guidelines sentence. *See* Minn. Sent. Guidelines 4.A (2012).

The district court held a sentencing hearing in June 2013. Matthews's attorney argued that probation was appropriate because of Matthews's longstanding mental-health issues, asserting that he could be better treated by Ramsey County Mental Health Services than by the department of corrections. Matthews requested a continuance to

more fully develop a treatment plan with the county. The district court granted his request for a continuance over the state's objection.

The district court resumed the sentencing hearing in July 2013. Matthews's attorney was unable to outline the specific services and programming available to Matthews if he were on probation. He nonetheless reiterated his argument that Matthews should be placed on probation. The district court denied Matthews's request for a downward dispositional departure and sentenced him to 74 months of imprisonment, the minimum presumptive sentence (*i.e.*, bottom of the box sentence) for a conviction of first-degree assault with a criminal-history score of zero. *See* Minn. Sent. Guidelines 4.A. Matthews appeals.

## D E C I S I O N

Matthews argues that the district court erred by denying his request for a downward dispositional departure.

A district court must order the presumptive sentence provided by the sentencing guidelines unless there are "substantial and compelling circumstances" to warrant a departure. Minn. Sent. Guidelines 2.D; *State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981). A departure from the guidelines in the form of a stay of execution of a sentence may be justified by a "defendant's particular amenability to individualized treatment in a probationary setting." *State v. Trog*, 323 N.W.2d 28, 31 (Minn. 1982). In determining whether a defendant is amenable to probation so as to justify a downward dispositional departure, a district court may consider the factors outlined in *Trog*, including "the defendant's age, his prior record, his remorse, his cooperation, his attitude while in court,

3

and the support of friends and/or family." *Id.* The district court's focus is "on the defendant as an individual and on whether the presumptive sentence would be best for him and for society." *State v. Heywood*, 338 N.W.2d 243, 244 (Minn. 1983).

A district court has broad discretion in determining whether to depart from the sentencing guidelines. *Kindem*, 313 N.W.2d at 7. Nonetheless, a district court must "deliberately consider[]" the factors that are offered by a defendant in support of a motion for a downward dispositional departure. *State v. Curtiss*, 353 N.W.2d 262, 264 (Minn. App. 1984) (holding that district court erred by ignoring arguments for departure). But a district court need not discuss all the *Trog* factors, *State v. Pegel*, 795 N.W.2d 251, 253 (Minn. App. 2011), and the mere fact that a "mitigating factor is present . . . does not obligate the court to place [a] defendant on probation," *id.* at 253-54 (quotation omitted). A district court's refusal to depart from the sentencing guidelines will not be reversed absent a clear abuse of discretion. *State v. Givens*, 544 N.W.2d 774, 776 (Minn. 1996). Only in a "rare" case will a reviewing court reverse a district court's imposition of a presumptive sentence. *Kindem*, 313 N.W.2d at 7.

The record indicates that the district court carefully considered Matthews's argument that he would be better able to obtain mental-health services if he were not imprisoned. During the first hearing, the district court acknowledged the potential merit of Matthews's arguments but also expressed concern about public safety. The district court told Matthews that he needed to present a specific plan for probationary treatment. Over the state's objection, the district court granted Matthews a two-week continuance to develop such a plan. When Matthews was unable to present a specific treatment plan, the

4

district court expressly weighed the benefits of probation against concerns about public safety:

> I did read what you sent me, Mr. Matthews. And you know, I have listened, and I have been thinking about the motions that have been made for you by [your attorney]. . . . If I had a better — if I had some hope that there would be some help for you somewhere, then I might be more inclined to consider what he's asking here. But the reality of the situation is that if I put you on probation, you'll be out, you still wouldn't get the services that you need. You'll get yourself into a situation, and you'll hurt somebody else. And I can't risk that.

> I believe you when you tell me you did not mean to hurt her the way that you hurt her. I don't believe that you intended to cause blindness in one of her eyes. But you struck her hard enough to do that. And that's what's scary.

> . . . .

> . . . . I have to be able to have enough here to justify departure from the guidelines. Absent that I can't do it. And I just don't think I have enough to be able to do it today. . . . I will . . . give you some consideration because you did plead guilty, you accepted responsibility, expressed remorse. But I cannot justify deviating from the guidelines as far as [your] recommended sentence here.

Based on our review of this portion of the transcript as well as the entire transcript, we are satisfied that the district court "deliberately exercised its discretion." *See Pegel*, 795 N.W.2d at 255.

Matthews's argument for reversal focuses on one particular statement that the district court made during the sentencing hearing. At one point, the district court stated that when a person is placed on probation, "usually, . . . somebody gets hurt along the way." Matthews contends that this statement shows that the district court weighed

5

"Matthews's need for probation against the success and failure rate of those other defendants." Matthews contends that this statement indicates error because a district court is required to focus on the specific facts of this case, not on the conduct of other defendants.

The excerpt on which Matthews relies is only one small snippet of sentencing proceedings that occupy approximately 30 pages of transcript. Furthermore, Matthews's argument does not reveal the full context of the district court's statement. In response to the suggestion that Matthews would benefit from long-term probation, the district court stated:

> I've done that in the past, counsel. And what *usually happens is somebody gets hurt along the way*. And then that person ends up going to prison for an extensive sentence. [I]t's the possibility that somebody else is going to get hurt. That's what I need to be concerned about.

(Emphasis added.) The district court did refer to its past experience with other cases but not in a way that is prohibited. A district court judge is expected to rely on his or her experience as a basis for good judicial decision-making. The relevant question is whether district court considered the *Trog* factors, considered "the defendant as an individual," and considered "whether the presumptive sentence would be best for him and for society." *Heywood*, 338 N.W.2d at 244. The record as a whole reflects that the district court gave very careful consideration to the particular features of Matthews's case and to his argument that he should be placed on probation. The district court's reasons for denying Matthews's request are valid and well within the district court's discretion.

6

In sum, the district court did not abuse its discretion by denying Matthews's request for a downward dispositional departure.

**Affirmed.**