*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1726**

State of Minnesota,
Respondent,

vs.

Lasheka Bolden,
Appellant.

**Filed August 24, 2015
Affirmed
Hudson, Judge**

Hennepin County District Court
File No. 27-CR-14-11912

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Linda M. Freyer, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Chelsie Willett, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Hudson, Presiding Judge; Cleary, Chief Judge; and Schellhas, Judge.

## UNPUBLISHED OPINION

**HUDSON**, Judge

In this appeal, appellant challenges the 48-month sentence imposed on her conviction of felony chemical test refusal. She argues that, although the district court

ordered a downward durational departure, it abused its discretion by declining to order a downward dispositional departure as well. She advances additional arguments in a pro se supplemental brief. We affirm.

**FACTS**

Brooklyn Park police stopped appellant Lasheka Bolden's vehicle around midnight on April 27, 2014, after they observed the vehicle stop at a green light and rear-window tint on the vehicle that was too dark. When conducting the stop, they noticed that Bolden had a strong odor of an alcoholic beverage and that her movements were slow, her speech slurred, and her eyes bloodshot and watery. Bolden failed field sobriety tests, and a preliminary breath test showed an alcohol concentration of .185. She was arrested, read the implied-consent advisory, and offered a breath test; she ultimately stated that she would not take the test.

The state charged Bolden with first-degree chemical test refusal, a felony-level offense based on her record of three qualified prior impaired-driving incidents within ten years. She pleaded guilty to the charge without an agreement. At sentencing, defense counsel argued on the record for both a durational and a dispositional departure.

The district court sentenced Bolden to 48 months executed, a downward durational departure from the 66-month presumptive sentence, noting as a reason her acceptance of responsibility. The district court, however, declined to order a downward dispositional departure. The district court observed that driving while impaired is an extremely serious crime, which leads to numerous traffic fatalities; that Bolden has a history of alcohol-related offenses dating back 12 years; and that, although she had modified her behavior to

only weekend drinking, she failed to acknowledge the serious nature of her problem with alcohol. The district court further stated that it had "to weigh the possible punitive consequence here with the safety of the public" and that it "[saw] the safety of the public winning out here." This sentencing appeal follows.

## DECISION

This court reviews a district court's sentencing decision for an abuse of discretion. *State v. Bertsch*, 707 N.W.2d 660, 668 (Minn. 2006). The Minnesota Sentencing Guidelines require that "[a] sentencing court 'must pronounce a sentence within the applicable [guidelines] range unless there exist identifiable, substantial, and compelling circumstances' that distinguish a case and overcome the presumption in favor of the guidelines sentence." *State v. Soto*, 855 N.W.2d 303, 308 (Minn. 2014) (quoting Minn. Sent. Guidelines 2.D.1). Only a "rare" case merits reversal of a district court's imposition of the presumptive sentence. *State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981).

We will affirm the imposition of the presumptive sentence "when the record shows that the sentencing court carefully evaluated all the testimony and information presented before making a determination." *State v. Johnson*, 831 N.W.2d 917, 925 (Minn. App. 2013), *review denied* (Minn. Sept. 17, 2013) (quotation omitted). When compelling circumstances supporting a departure exist, the district court must deliberately consider those circumstances before imposing the presumptive sentence. *State v. Curtiss*, 353 N.W.2d 262, 264 (Minn. App. 1984). But the Minnesota Supreme Court has recently emphasized that "merely being amenable to probation" is not sufficient to stay a presumptively executed sentence. *Soto*, 855 N.W.2d at 308. A

3

defendant must be *particularly* amenable to probation, as distinguished from others, to present the substantial and compelling circumstances required for a dispositional departure. *Id*.; *see also State v. Wall*, 343 N.W.2d 22, 25 (Minn. 1984) (stating that the presence of mitigating factors does "not obligate the court to place [a] defendant on probation"). Therefore, in order to demonstrate substantial and compelling circumstances warranting a downward dispositional departure, Bolden was required to show that she was particularly amenable to probation. *Soto*, 855 N.W.2d at 308.

In determining whether a defendant is amenable to probation and appropriate for a dispositional departure, a district court may consider a number of factors, including the defendant's age, prior record, showing of remorse, attitude in court, and support of family and friends. *State v. Trog*, 323 N.W.2d 28, 31 (Minn. 1982). Bolden argues that the district court abused its discretion by imposing the presumptive executed sentence, rather than placing her on probation, because she demonstrated the existence of several *Trog* factors. She argues that her criminal-history score of five exaggerated her criminality because her three felony points derived from two low-level drug convictions that occurred more than ten years before the current offense. She maintains that she cooperated with the district court and probation and that she showed remorse by not minimizing her drinking and submitting a letter to the district court acknowledging the consequences of her actions. And she argues that she has some close associations in the community, that she has a generally good record in complying with previous conditions of probation, and that she would benefit from the rehabilitation available to her on probation.

Bolden argues that in declining to grant a dispositional departure, the district court did not consider any of the *Trog* factors, but only the seriousness of driving-while-impaired offenses in general as a cause of traffic-related deaths. Thus, she argues that the district court improperly focused only on her crime and not on her as an individual, except with respect to her alcoholism. *See State v. Heywood*, 338 N.W.2d 243, 244 (Minn. 1983) (stating that a decision on a dispositional departure allows the court to "focus more on the defendant as an individual and on whether the presumptive sentence would be best for [her] and for society"). But the district court is not required to address all of the *Trog* factors when it imposes the presumptive sentence. *See State v. Pegel*, 795 N.W.2d 251, 254 (Minn. App. 2011) (rejecting appellant's argument that the district court failed to discuss all of the *Trog* factors and observing that "there is no requirement that the district court must do so").

The supreme court has recently reiterated that public safety may be a factor in determining whether to grant a dispositional departure. *Soto*, 855 N.W.2d at 313; *see also State v. Sejnoha*, 512 N.W.2d 597, 600 (Minn. App. 1994) (holding that in addressing a request for a dispositional departure, the district court may consider the risk to public safety incurred as a result of placing a defendant on probation); *review denied* (Minn. Apr. 21, 1994). Here, the district court expressly noted Bolden's 12-year history of alcohol-related offenses and stated that public safety weighed in favor of imposing the presumptive executed sentence. The district court did not err by considering the risk to public safety in its sentencing decision.

5

In ordering a downward durational departure, the district court indicated that it would consider Bolden's criminal-history score to be three, rather than five, based on a discrepancy in handling her previous felony drug convictions from another state. The district court's consideration of this factor in its decision on a downward durational departure did not, however, require the district court to depart dispositionally as well. The district court also observed that it had reviewed the presentence investigation report, as well as Bolden's letter to the court. And the district court noted that, until recently, Bolden did not acknowledge that she has a problem with alcohol. The record therefore demonstrates that the district court adequately considered and evaluated Bolden's reasons for a dispositional departure. *See, e.g.*, *State v. Van Ruler*, 378 N.W.2d 77, 81 (Minn. App. 1985) (affirming the district court's decision not to order a downward dispositional departure when it sufficiently evaluated all information presented on that issue). We conclude that, based on the record, the district court did not abuse its discretion by declining to order a dispositional departure.

Bolden also makes several additional arguments in a pro se supplemental brief. She maintains that police lacked reasonable suspicion to stop her vehicle, arguing that a discrepancy existed between the police report and the reason she was given for the stop. But she did not challenge the grounds for the stop in the district court before her guilty plea and has therefore forfeited that issue. *See State v. Ford*, 397 N.W.2d 875, 878 (Minn. 1986) (stating that a counseled guilty plea extinguishes all pre-plea non-jurisdictional defects). She also argues that she was deprived of her Fifth Amendment right to a fair trial. But she knowingly and voluntarily waived her trial rights when she

6

pleaded guilty. *See* Minn. R. Crim. P. 15.01, subd. 1 (listing the required waivers for a guilty plea). She finally argues that the district court imposed an excessive bail condition of $50,000. But absent extraordinary circumstances, questions relating to the amount of bail are moot after conviction. *State v. Huber*, 275 Minn. 475, 478, 148 N.W.2d 137, 140 (1967). We therefore conclude that these arguments do not warrant relief.

**Affirmed.**