*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1630**

State of Minnesota,
Respondent,

vs.

Walter David Tischer,
Appellant.

**Filed August 29, 2016
Affirmed
Reilly, Judge**

Douglas County District Court
File No. 21-CR-14-1673

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Chad M. Larson, Douglas County Attorney, Michelle L. Clark, Assistant County Attorney, Alexandria, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jenna Yauch-Erickson, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Halbrooks, Presiding Judge; Johnson, Judge; and Reilly, Judge.

**UNPUBLISHED OPINION**

**REILLY**, Judge

Appellant challenges the district court's sentencing decision arising from his conviction of second-degree assault with a dangerous weapon. The district court declined

to grant a dispositional departure from the statutory mandatory minimum sentence and the presumptive sentence under the Minnesota Sentencing Guidelines and imposed the mandatory minimum sentence. Because the district court did not abuse its discretion in sentencing, we affirm.

**FACTS**

Appellant Walter David Tischer was convicted of second-degree assault with a dangerous weapon stemming from events that occurred in October 2014. A local businessman, R.B., purchased a property previously owned by appellant. Appellant and R.B. had a series of disputes regarding ownership of the property's website, highway signs, docks, appliances, furniture, and personal effects located at the property. On October 16, R.B. and his son, D.B., loaded appellant's personal property and furniture into R.B.'s vehicle and drove it to appellant's home. Appellant was not at home when they arrived, and R.B. and D.B. unloaded the furniture and other property in front of appellant's garage door. R.B. noticed a pile of survey stakes near the garage that he believed belonged to him, and he and D.B. began loading them into the vehicle. Appellant returned home while R.B. and D.B. were gathering the survey stakes, and a verbal confrontation occurred, during which appellant pulled out a handgun and pointed it toward R.B. R.B. and D.B. got back into R.B.'s vehicle and drove away. R.B. reported the incident to law enforcement.

The state charged appellant with one count of felony second-degree assault with a dangerous weapon in violation of Minn. Stat. § 609.222, subd. 1 (2014). Following a two-day jury trial, the jury found appellant guilty of the charged offense, and the district court entered a conviction. Under Minnesota Statutes section 609.11, subdivision 5(a) (2014)

and Minnesota Sentencing Guidelines 2.E.1 (2014), the mandatory minimum and presumptive sentence for the offense is commitment to the commissioner of corrections for 36 months. Appellant sought a dispositional departure on the grounds that he has no prior criminal history, has a strong family support network, and is particularly amenable to probation. The district court denied appellant's motion for a dispositional departure, determining that appellant's amenability to probation did not "trump[] the presumptive sentence here." The district court imposed the presumptive sentence and committed appellant for a period of 36 months, and this appeal follows.

## D E C I S I O N

"[Appellate courts] review sentencing decisions for an abuse of discretion." *State v. Kangbateh*, 868 N.W.2d 10, 14 (Minn. 2015). A district court generally must execute a minimum term of imprisonment mandated by statute. *See State v. Adams*, 791 N.W.2d 757, 757-59 (Minn. App. 2010), *review denied* (Minn. Mar. 15, 2011). However, there exists an exception to the mandatory minimum sentence. On its own motion, or on the motion of the prosecutor, "the [district] court may sentence the defendant without regard to the mandatory minimum sentences . . . if the court finds substantial and compelling reasons to do so." Minn. Stat. § 609.11, subd. 8(a) (2014). A sentence imposed under subdivision 8(a) constitutes a departure from the sentencing guidelines. *Id*.

The jury convicted appellant of felony second-degree assault with a dangerous weapon under Minn. Stat. § 609.222, subd. 1. The sentencing guidelines call for a presumptive commitment of 36 months as the mandatory minimum sentence for this offense. *See* Minn. Stat. § 609.11, subds. 5(a), 9 (2014) ("[A]ny defendant convicted of an

3

offense [including second-degree assault] in which the defendant . . . at the time of the offense, had in possession or used, whether by brandishing, displaying, threatening with, or otherwise employing, a firearm, shall be committed to the commissioner of corrections for not less than three years, nor more than the maximum sentence provided by law."); Minn. Sent. Guidelines 2.E.1.

The district court has discretion to impose a sentence without regard to the mandatory minimum sentence under Minn. Stat. § 609.11, subd. 8(a). Here, appellant argues that the district court abused its discretion by denying his motion for a dispositional departure because substantial and compelling circumstances support a probationary sentence and appellant is particularly amenable to treatment. A defendant's "particular amenability to individualized treatment in a probationary setting" may justify a downward dispositional departure from a presumptive commitment to prison. *State v. Soto*, 855 N.W.2d 303, 308 (Minn. 2014) (emphasis omitted) (quoting *State v. Trog*, 323 N.W.2d 28, 31 (Minn. 1982)). When justifying a dispositional departure, the district court focuses "on the defendant as an individual and on whether the presumptive sentence would be best for him and for society." *State v. Heywood*, 338 N.W.2d 243, 244 (Minn. 1983). Minnesota courts are guided by several factors to determine whether a defendant is particularly amenable to individualized treatment in a probationary setting. *Trog*, 323 N.W.2d at 31. These factors include "the defendant's age, his prior record, his remorse, his cooperation, his attitude while in court, and the support of [the defendant's] friends and/or family." *Id.*

Appellant argues that his age, prior criminal history, remorse, cooperation, attitude in court, and support of his family and friends demonstrate that he is particularly suited to

4

individualized treatment in a probationary setting.  At sentencing, appellant testified that he did not have a criminal history, had never been arrested, was married to his wife for 30 years, and had a strong family network.  Appellant stated that he was willing to go to counseling and participate in anger management courses and community service.  Appellant also called seven witnesses to speak in support of his departure request.  The sentencing transcript reveals that the district court carefully considered appellant's argument and thoroughly explained the reasoning behind its decision.  The district court judge reviewed the mitigating and aggravating factors, appropriately weighed those factors, and concluded that appellant's particular amenability to probation did not outweigh the statutory sentence in this case.  *See State v. Wall*, 343 N.W.2d 22, 25 (Minn. 1984) (noting that the presence of mitigating factors "[does] not obligate the court to place defendant on probation or impose a shorter term than the presumptive term").  The Minnesota Supreme Court has recognized that only the "rare case" merits reversal based on the district court's refusal to depart from the sentencing guidelines.  *State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981).  We discern no abuse of discretion here.  The record supports the district court's decision that there were not "substantial and compelling reason[s]" supporting a dispositional departure from the presumptive sentence in this case, *Soto*, 855 N.W.2d at 314, and we therefore affirm the district court's imposition of the mandatory minimum sentence under Minn. Stat. § 609.11, subd. 5(a).

Appellant argues that his sentence was "unjustifiably disparate" from those of other second-degree assault offenders.  Appellant notes that district courts often depart in assault cases and cites to a sentencing guidelines commission report that dispositional

departures are granted in 59% of second-degree assault cases. On appeal from a sentencing decision, we "may review the sentence imposed or stayed to determine whether the sentence is inconsistent with statutory requirements, unreasonable, inappropriate, excessive, unjustifiably disparate, or not warranted by the findings of fact issued by the district court." Minn. Stat. § 244.11, subd. 2(b) (2014). In sentencing matters, "both the legislature and the judiciary exercise constitutionally authorized functions." *State v. Shattuck*, 704 N.W.2d 131, 148 (Minn. 2005). "The power to fix the limits of punishment for criminal acts lies with the legislature, but the imposition of a sentence in a particular case within those limits is a judicial function." *Id*. Here, the legislature created a special category of sentences that it deemed more accurately reflected the severity of crimes involving firearms. *See* Minn. Stat. § 609.11, subd. 5 (2014). Appellant's offense carries a statutory minimum sentence of 36 months under section 609.11, subdivision 5(a). Although district courts have often departed in second-degree assault cases, appellant has not demonstrated that the presumptive sentence is disproportional as it is applied to him, given the unique facts of this case. The district court determined that appellant was not entitled to a dispositional departure, and we are "loath to interfere" with the district court's broad discretion in sentencing matters. *State v. Law*, 620 N.W.2d 562, 564 (Minn. App. 2000) (quotation omitted), *review denied* (Minn. Dec. 20, 2000). This is not the "rare case" warranting reversal of the district court's refusal to depart. *State v. Bertsch*, 707 N.W.2d 660, 668 (Minn. 2006) (quotation omitted).

Lastly, appellant argues that the district court abused its discretion by "focusing on the offense, not the offender." Generally, durational departures must be supported by

offense-related factors, while dispositional departures can be supported by offender-related factors. *See Heywood*, 338 N.W.2d at 244 (providing that with dispositional departure requests, the district court "focus[es] more on the defendant as an individual and on whether the presumptive sentence would be best for [the defendant] and for society"). Here, the district court considered offender-related factors that weighed for and against a dispositional departure and concluded that appellant's amenability to probation did not outweigh the presumptive sentence. Because the district court did not abuse its discretion by imposing the presumptive sentence, we affirm.

**Affirmed.**