STATE of Minnesota, Respondent,

v.

Jasper Allen PEGEL, Appellant.

No. A10–583.

Court of Appeals of Minnesota.

March 8, 2011.

Lori Swanson, Attorney General, St. Paul, MN; and Richard Robert Maes, Lyon County Attorney, Marshall, MN, for respondent.

David W. Merchant, Chief Appellate Public Defender, Cathryn Young Middlebrook, Assistant Public Defender, St. Paul, MN, for appellant.

Considered and decided by WORKE, Presiding Judge; PETERSON, Judge; and SHUMAKER, Judge.

**OPINION**

PETERSON, Judge.

In this appeal from a 144–month presumptive sentence for first-degree criminal sexual conduct, appellant argues that the district court abused its discretion when it denied his motion for a dispositional departure without making a ruling on the record addressing all of the *Trog* factors. We affirm.

**FACTS**

Appellant Jasper Allen Pegel was charged by complaint with four counts of first-degree criminal sexual conduct in violation of Minn.Stat. § 609.342, subd. 1(g) (2008) (sexual penetration with another when actor has significant relationship to complainant and complainant was under 16 years of age at time of penetration); and one count of first-degree criminal sexual conduct in violation of Minn.Stat. § 609.342, subd. 1(h)(ii) (2008) (sexual penetration with another who was under 16 years of age at time of penetration by actor who has significant relationship to complainant and complainant suffered personal injury). The complaint alleged that appellant sexually abused his 14–year–old niece on multiple occasions between January 2008 and May 2009 and that he had her perform oral sex on him approximately 15 to 20 times. According to the complaint, appellant acknowledged that he had his niece perform oral sex on him four times and "admitted that he began touching his niece during January 2008. He explained that initially it was on top of her clothing and that he thought it occurred about 5 or 6 times." The complaint also alleged that appellant digitally penetrated the victim's vagina and tried to have sexual intercourse with her, but appellant claimed that he did not recall either of these incidents.

Appellant pleaded guilty to one count of first-degree criminal sexual conduct for sexually abusing the victim in exchange for the state's dismissal of the other charges. The district court accepted appellant's guilty plea and ordered a presentence investigation (PSI) and sentencing worksheet and a sex-offender assessment.

Appellant filed a motion and supporting documents requesting a downward dispositional departure. At the sentencing hearing, the district court learned that these

documents had not been placed in the case file. Consequently, the court continued the sentencing to allow full consideration of these materials.

At the continued sentencing hearing, the district court noted that it had carefully considered and reviewed all of the information submitted by the Department of Corrections, along with the attachments, and all of the information submitted by appellant's attorney. After hearing testimony from the corrections agent who prepared the PSI report and arguments from counsel, the district court denied appellant's motion for a downward dispositional departure and sentenced appellant to the presumptive sentence, an executed 144–month prison term. This appeal followed.

## ISSUE

Did the district court abuse its discretion by denying appellant's motion for a downward dispositional departure without addressing all of the *Trog* factors on the record?

## ANALYSIS

■■■■ The district court must order the presumptive sentence provided in the sentencing guidelines unless "substantial and compelling circumstances" warrant a departure. *State v. Cameron*, 370 N.W.2d 486, 487 (Minn.App.1985), *review denied* (Minn. Aug. 29, 1985); *see also* Minn. Sent. Guidelines II.D (2008) (stating that court has discretion to depart from presumptive sentence only when "substantial and compelling circumstances" are present). Whether to depart from the sentencing guidelines rests within the district court's discretion, and the district court will not be reversed absent an abuse of that discretion. *State v. Spain*, 590 N.W.2d 85, 88 (Minn.1999). Only in a rare case will a reviewing court reverse the imposition of a presumptive sentence. *State v. Kindem*, 313 N.W.2d 6, 7 (Minn.1981)

In *State v. Trog*, the supreme court stated that "the defendant's age, his prior record, his remorse, his cooperation, his attitude while in court, and the support of friends and/or family" are all factors that are relevant to a determination whether a dispositional departure is justified. 323 N.W.2d 28, 31 (Minn.1982). Appellant argues that because the issue of a dispositional departure was before the district court, the district court should have considered all relevant departure factors, and because the district court denied the request for a departure without addressing all of the *Trog* factors, the "district court abused its discretion by failing to properly exercise its discretion."

■■■■ Appellant's argument blurs the distinction between a district court's failure to exercise its discretion to depart from a presumptive sentence and a district court's abuse of its discretion when determining whether to depart from a presumptive sentence. "If the district court has discretion to depart from a presumptive sentence, it must exercise that discretion by deliberately considering circumstances for and against departure." *State v. Mendoza*, 638 N.W.2d 480, 483 (Minn.App. 2002), *review denied* (Minn. Apr. 16, 2002); *see also State v. Curtiss*, 353 N.W.2d 262, 264 (Minn.App.1984) (noting that record suggested factors for departure that should be deliberately considered). When the record demonstrates that an exercise of discretion has not occurred, the case must be remanded for a hearing on sentencing and for consideration of the departure issue. *Curtiss*, 353 N.W.2d at 264. But the mere fact that a mitigating factor is present in a particular case does "not obligate the court to place defendant on probation or impose a shorter term than

the presumptive term." *State v. Wall,* 343 N.W.2d 22, 25 (Minn.1984).

Appellant accurately asserts that the district court did not discuss all of the *Trog* factors before it imposed the presumptive sentence. But there is no requirement that the district court must do so. *See State v. Van Ruler,* 378 N.W.2d 77, 80 (Minn.App.1985) (stating that if district court "considers reasons for departure but elects to impose the presumptive sentence," an explanation for denying departure is not required). Also, the record demonstrates that the district court deliberately considered circumstances for and against departure and exercised its discretion.

Before imposing sentence, the district court stated:

In considering sentencing in this matter, again, I have reviewed the information submitted by the Department of Corrections along with the attachments. I've considered the information submitted by the public defender's office. I've carefully considered all of that information. In this particular case, [appellant], I have the—the discretion to impose a sentence under the guidelines of 173 months. I also, if I find that there are mitigating factors, could stay execution of that sentence and place you on probation supervision. In order to find a mitigating factor, I not only have to find that there is a factor present but also that the factor, under the circumstances of the case, is substantial and compelling. In this particular case, I've looked at the—and considered the information submitted by the parties, considered the comments by—[the psychologist who conducted a psychosexual evaluation] which—the Court—the Court understands really it goes both ways, there are some areas of concern. There's also the comments that treatment would be available for you. I also considered the fact that you have successfully completed treatment. However, you have at least some history of not successfully completing treatment in the past. I also have to consider the circumstances of this particular case. Without any departure, again, I could impose a sentence of 173 months. And when I look at the facts of this case, I considered the fact that—that this wasn't an isolated incident, by your own admission. There were multiple incidents that occurred over a period of time in this case. That's a factor that I have to balance out against any—any alleged mitigating factor. I also have to consider the fact that while you don't have any criminal history score under the guidelines, you do have a criminal history. I understand that the misdemeanors are traffic offenses but the other offenses include the gross misdemeanor forgeries. There's also the terroristic threats that is a felony level offense but was sentenced as a gross misdemeanor. When I'm—when I consider those factors, I also consider the—the comments that have been made by the victim and the victim's family. I take those comments seriously. I also have to consider on the other side that these types of offenses are really, as you yourself indicated, one of the most heinous offenses that an individual could commit. Particularly against an individual who is held in a position of trust. And while it appears from the victim impact statements that the victim is doing well at this time, the Court's experience is that this is something that that individual can really never set—set behind them. They may be able to move past it but it's always a part of their life experience. The offender can sometimes move past it once the court proceedings are over and they can move on. The victims often times don't have that

luxury. So I have to consider all of those factors in making my determination. When I consider all of those factors, I simply cannot find that there are substantial and compelling reasons for departure in this case. I had, again, considered imposing a sentence consistent with the guidelines at the higher end of the box. Considering the information that was submitted by the public defender's office and the feelings of the victim however, I am going to sentence at the low end of the box. Therefore, you are hereby committed to the Commissioner of Corrections for 144 months.

Thus, the record demonstrates that the district court carefully considered circumstances for and against departure and deliberately exercised its discretion. A "reviewing court may not interfere with the sentencing court's exercise of discretion, as long as the record shows the sentencing court carefully evaluated all the testimony and information presented before making a determination." *Van Ruler*, 378 N.W.2d at 80–81.

## DECISION

The district court did not abuse its discretion in denying appellant's motion for a downward dispositional departure.

**Affirmed.**