*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A13-1393**

State of Minnesota,
Respondent,

vs.

Lashun Theodits Witherspoon,
Appellant.

**Filed July 21, 2014**
**Affirmed**
**Hooten, Judge**

Sherburne County District Court
File No. 71-CR-12-242

Lori Swanson, Attorney General, Matthew Frank, Assistant Attorney General, St. Paul, Minnesota; and

Kathleen A. Heaney, Sherburne County Attorney, Dawn Nyhus, Assistant County Attorney, Elk River, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jennifer Lauermann, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Reyes, Presiding Judge; Hooten, Judge; and Kirk, Judge.

**U N P U B L I S H E D   O P I N I O N**

**HOOTEN**, Judge

Appellant challenges the district court's denial of his request for a downward dispositional departure, arguing that the district court abused its discretion because

substantial and compelling factors supported a departure. We affirm.

## FACTS

In February 2012, investigators with the Sherburne County Sheriff's Office executed a search warrant at an Elk River residence where appellant Lashun Witherspoon was on house arrest for a Hennepin County second-degree riot offense. Witherspoon was in an upstairs bedroom and, as police entered, threw two baggies out the window and onto the roof of the garage. The investigators recovered the baggies, which were later confirmed to contain heroin and cocaine.

Witherspoon was charged with, among other offenses, first-degree controlled substance crime for possession of 25 grams or more of cocaine in violation of Minn. Stat. § 152.021, subd. 2(a)(1) (2010). He pleaded guilty to the first-degree controlled substance crime with the understanding that the district court could sentence him to prison. Witherspoon moved for a dispositional departure to impose a probationary sentence.

At the time of sentencing in April 2013, Witherspoon was 20 years old and had used alcohol and drugs since he was 13. During the time between committing the offense and sentencing, Witherspoon completed an inpatient treatment program and stayed sober for two months. Witherspoon also entered the Minnesota Adult and Teen Challenge chemical-dependency program in January 2013. At the sentencing hearing, Witherspoon stated that he was grateful for having the opportunity to enter Teen Challenge, believed the program had helped him, and wanted to complete it. He also noted that he had a child on the way and conveyed his desire to be a role model for the child.

2

The district court denied Witherspoon's motion, charactering Witherspoon's offense as one "against the peace and dignity of the citizens of the State of Minnesota that involves the introduction of some of the most horrific chemicals known [to] our society." The district court was concerned that this case was in "the realm of large amounts [of drugs] . . . that are likely to be the subject of financial transactions in the community" and that Witherspoon's conduct "is kind of like a Typhoid Mary running [loose] spreading the illness to more and more individuals." The district court stated that it "would be remiss in [its] obligation to the notions of public safety if [it] were to depart."

The district court acknowledged that Witherspoon was young but noted that he had "a rather lengthy amount of experience in the criminal justice system" and that he "persisted in not detaching [himself] from [an] environment" involving "violence which frequently [has been] a byproduct of the chemical trade." The district court also stated that Witherspoon had rejected support from his family and friends, and commented on Witherspoon's efforts in treating his chemical dependency:

> You were provided with an opportunity to prove yourself throughout this rather lengthy proceeding and you failed to fully avail yourself of those opportunities. You continue to use controlled substances when ordered not to do so in violation of not only this Court's order, but also the order in Hennepin County. It is as though you did not treat those orders seriously.

> You, despite having gone through three months of treatment shortly thereafter were again not appearing for testing, testing positive, and those violations occurring as recently as January of this year. The Court notes the old saw that the best predictor of future behavior is past behavior and your past behavior is not an indicator of success.

3

The district court sentenced Witherspoon to 75-months' imprisonment, which is one month above the low end of the sentencing guidelines' presumptive range. Witherspoon appeals.

## DECISION

"Whether to depart from the sentencing guidelines rests within the district court's discretion, and the district court will not be reversed absent an abuse of that discretion." *State v. Pegel*, 795 N.W.2d 251, 253 (Minn. App. 2011). "Only in a rare case will a reviewing court reverse the imposition of a presumptive sentence." *Id.* "The district court must order the presumptive sentence provided in the sentencing guidelines unless substantial and compelling circumstances warrant a departure." *Id.* (quotation omitted).

The appropriateness of a dispositional departure "depends on the defendant as an individual and on whether the presumptive sentence would be best for him and for society." *State v. Heywood*, 338 N.W.2d 243, 244 (Minn. 1983). Known as the *Trog* factors, "the defendant's age, his prior record, his remorse, his cooperation, his attitude while in court, and the support of friends and/or family" are relevant in determining whether a dispositional departure is justified. *State v. Trog*, 323 N.W.2d 28, 31 (Minn. 1982). "A reviewing court may not interfere with the sentencing court's exercise of discretion, as long as the record shows the sentencing court carefully evaluated all the testimony and information presented before making a determination." *Pegel*, 795 N.W.2d at 255 (quotation omitted).

Witherspoon argues that "[t]here were numerous compelling factors to support [his] request for a probationary sentence," including that he was remorseful and that he

4

was "young and amenable to treatment for his chemical dependency." "But the mere fact that a mitigating factor is present in a particular case does not obligate the court to place defendant on probation . . . ." *Id.* at 253 (quotation omitted). Moreover, the district court was clearly not persuaded by Witherspoon's claim of amenability to treatment, commenting that Witherspoon has squandered opportunities to show his amenability by failing to appear for drug testing and violating court orders prohibiting drug use.

The record reflects that the district court carefully evaluated the *Trog* factors and determined that public safety concerns, Witherspoon's persistent involvement in drug activities, his unwillingness to treat his chemical dependency, and his rejection of support from family and friends warranted imposition of the presumptive prison sentence. The district court also considered the factors supporting a dispositional departure. We cannot say that the district court abused its discretion by rejecting these factors even if we might have reached a different conclusion. *See State v. Case*, 350 N.W.2d 473, 476 (Minn. App. 1984) (stating that even though "[t]his court may have acted otherwise had it been sitting as a sentencing court," "we are loath to interfere in the absence of an abuse of the discretion granted in departing dispositionally from the guidelines").

**Affirmed.**