*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1422**

State of Minnesota,
Respondent,

vs.

Luke Mathias Erkkila,
Appellant.

**Filed December 1, 2014
Affirmed
Larkin, Judge**

St. Louis County District Court
File No. 69VI-CR-13-151

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Mark S. Rubin, St. Louis County Attorney, Duluth, Gordon P. Coldagelli, Assistant County Attorney, Virginia, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Veronica Surges Shacka, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Hudson, Presiding Judge; Peterson, Judge; and Larkin, Judge.

UNPUBLISHED OPINION

**LARKIN**, Judge

Appellant challenges his prison sentence for first-degree assault, arguing that a dispositional departure was warranted. We affirm the district court's imposition of the presumptive sentence under the Minnesota Sentencing Guidelines.

**FACTS**

Respondent State of Minnesota charged appellant Luke Mathias Erkkila with first-degree assault after Erkkila stabbed his brother, damaging his brother's stomach, kidney, spleen, and pancreas. The stabbing was prompted by the victim's refusal to provide Erkkila with access to a gun so Erkkila could shoot himself. Erkkila later reported to a court-appointed psychologist that he was experiencing symptoms of methamphetamine withdrawal and had taken too much Klonopin at the time of the stabbing.[1] Erkkila pleaded guilty as charged. During the plea colloquy, Erkkila stated that he never intended to harm his brother, but he admitted that he "intentionally thrust the knife at [his brother] in a stabbing motion" and caused great bodily harm.

The presumptive sentence under the Minnesota Sentencing Guidelines was an 86-month executed prison term. Erkkila moved for a downward dispositional departure, claiming that he was amenable to probation. At sentencing, Erkkila argued that his age, limited criminal record, family support, and remorse were substantial and compelling reasons to grant a dispositional departure. The sentencing hearing began on May 6, 2013,

---

[1] Erkkila had been prescribed Klonopin to alleviate symptoms of an anxiety disorder.

but the district court continued the hearing to May 8 to obtain recommendations from the probation department regarding a potential probationary sentence.

The probation department recommended conditions for the district court to consider if it stayed execution of Erkkila's sentence, but the department recommended execution of the presumptive prison sentence. At the May 8 hearing, the district court stated that it "had a lot of time to think about . . . the appropriate sentence under the law." The district court noted that it had considered Erkkila's written motion, oral arguments from both parties, and the victim-impact statement. The district court stated:

> What I have before me is a factual circumstance where you had been using drugs, methamphetamine, tested positive for various drugs, and in a more or less unprovoked situation engaged in very serious conduct where you stabbed [your brother] and caused great bodily harm to him really without . . . any significant provocation whatsoever.
>
> The attachments to the motion indicate you're in need of chemical dependency treatment. I think that is apparent with or without that and is demonstrated by the fact that you have been through chemical dependency treatment four times before, and most recently . . . when you were 23, so not all that long before this most recent incident. And so the court needs to weigh all of that.

The district court reasoned that it could not conclude that "further chemical dependency treatment" and "probationary supervision can provide safety to the community that we need here considering the prior treatments that [Erkkila] had and the nature of the assault that we have in this case." The district court concluded that substantial and compelling circumstances did not justify a downward dispositional

3

departure, denied Erkkila's departure motion, and sentenced him to serve 86 months in prison.

Erkkila appealed his sentence and petitioned for postconviction relief. This court stayed Erkkila's appeal pending resolution of the postconviction proceedings. In his postconviction petition, Erkkila noted that his trial counsel had not provided the district court with an alternative placement plan. Erkkila noted that his appellate counsel had worked with a dispositional advisor to secure his placement, with funding, at a long-term, residential-treatment facility, which would "address the root cause of [his] drug addiction and mental illness." Erkkila argued that the proposed placement was new information and that the postconviction court should vacate his sentence and grant a downward dispositional departure. Erkkila's postconviction submissions included a detailed history of his chemical-dependency and mental-health issues, which showed that he began using drugs when he was ten years old and that he had made several suicide attempts.

After an evidentiary hearing, the postconviction court issued a written order denying relief.[2] The postconviction court acknowledged that Erkkila had "secured a spot at a locked, long-term chemical dependency treatment facility," but noted that he had "not shown that he cannot obtain the necessary treatment through the Commissioner of Corrections." The postconviction court stated that Erkkila's "remorse, cooperation, lack of criminal history, support of family and friends, and desire to treat his mental health and chemical dependency issues do not constitute substantial and compelling circumstances." The postconviction court noted that it was still concerned about "the fact

---

[2] The same judge presided over the sentencing and postconviction hearings.

that [Erkkila] caused great bodily harm to another under unprovoked circumstances" and that an "additional concern for public safety is the fact that [Erkkila] has been through treatment on four prior occasions but was still using at the time of this incident." The postconviction court reiterated that "substantial and compelling circumstances to warrant a downward dispositional departure do not exist" and denied Erkkila's petition for relief. This appeal follows.

## DECISION

Erkkila challenges his sentence, arguing that it constitutes an abuse of discretion because "[he] is amenable to probation, showed remorse for his crime, has a scant criminal record, and has an alternative chemical dependency treatment plan available in a locked facility."

"When a defendant initially files a direct appeal and then moves for a stay to pursue postconviction relief, we review the postconviction court's decisions using the same standard that we apply on direct appeal." *State v. Beecroft*, 813 N.W.2d 814, 836 (Minn. 2012). The supreme court recently described the standard applicable to a district court's sentencing decision:

> [Appellate courts] afford the [district] court great discretion in the imposition of sentences and reverse sentencing decisions only for an abuse of that discretion. [But] [t]he Minnesota Sentencing Guidelines . . . limit the sentencing court's discretion by prescribing a sentence or range of sentences that is presumed to be appropriate. A sentencing court must pronounce a sentence within the applicable range unless there exist identifiable, substantial, and compelling circumstances that distinguish a case and overcome the presumption in favor of the guidelines sentence. Accordingly, a sentencing court can exercise its discretion to

depart from the guidelines *only if* aggravating or mitigating circumstances are present, and those circumstances provide a substantial and compelling reason not to impose a guidelines sentence.

*State v. Soto*, ___ N.W.2d ___, ___, 2014 WL 5358371, at *3 (Minn. Oct. 22, 2014) (citations and quotations omitted). Only in a "rare" case will a reviewing court reverse a district court's imposition of the presumptive sentence. *State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981).

Erkkila argues that substantial and compelling factors support a dispositional departure in his case. Specifically, he argues that "[c]onsideration of the *Trog* factors reveals that [he] is an excellent candidate for probation." In *State v. Trog*, the Minnesota Supreme Court stated that "[n]umerous factors, including the defendant's age, his prior record, his remorse, his cooperation, his attitude while in court, and the support of friends and/or family, are relevant to a determination whether a defendant is particularly suitable to individualized treatment in a probationary setting." 323 N.W.2d 28, 31 (Minn. 1982).

Erkkila asserts that "the *Trog* factors are all squarely in [his] favor" because he "was twenty-three years old at the time of his offense"; he has "several juvenile adjudications, but no adult convictions above a misdemeanor"; he "showed remorse and cooperation from the instant that the knife left his brother"; he "has no history of childhood abuse and has supportive parents and siblings," including the victim of his assault, who supported a downward dispositional departure; and he "has never been on probation for a serious offense" but "successfully complete[d] his probation . . . [for] a misdemeanor theft case."

6

Even if the *Trog* factors were to favor Erkkila, it would not follow that the district and postconviction courts abused their discretion by refusing to depart from the presumptive sentence. *Trog* did not hold that a district court must depart when the factors are present; the "sole" issue was "whether the district court erred in staying execution of sentence in a case in which the Sentencing Guidelines recommend[ed] execution of sentence." *Id.* at 29. The supreme court held that the presence of all of the factors justified the departure in that case. *Id.* at 31. But the mere fact that a mitigating factor is present in a particular case does "not obligate the court to place defendant on probation." *State v. Wall*, 343 N.W.2d 22, 25 (Minn. 1984).

Erkkila also argues that an important consideration is that after he was sentenced, "St. Louis County approved and funded a long-term residential treatment program for [him]." He contends that "he has the internal drive and motivation to rehabilitate *himself*" and that he "would greatly benefit from long-term chemical dependency treatment." But the district and postconviction courts considered Erkkila's need for chemical-dependency treatment. The courts noted that Erkkila had been through chemical-dependency treatment four times before the assault, that his most recent treatment attempt occurred shortly before the assault, and that he was using methamphetamine at the time of the assault. Moreover, the postconviction court noted that Erkkila had "not shown that he cannot obtain the necessary treatment through the

7

Commissioner of Corrections."[3] Erkkila's continued drug use after four treatment attempts belies his assertion that he "is an exceptional candidate for a probationary sentence." *See Soto*, 2014 WL 5358371, at \*4 ("By requiring a defendant to be *particularly* amenable to probation . . . [courts] ensure that the defendant's amenability to probation distinguishes the defendant from most others and truly presents the substantial and compelling circumstances that are necessary to justify a departure." (Quotation omitted.)).

Lastly, Erkkila argues that "public safety would benefit from [him] receiving a long probationary sentence." But based on Erkkila's continued drug use and his unprovoked, serious assault against his brother, the district and postconviction courts properly reasoned that a probationary sentence would not serve public safety and that a departure was not appropriate. *See id.* at \*9-10 (noting that public safety is a relevant consideration when determining whether to depart from a presumptively executed sentence).

When a district court imposes a presumptive sentence, this "court may not interfere with the sentencing court's exercise of discretion, as long as the record shows the sentencing court carefully evaluated all the testimony and information presented before making a determination." *State v. Pegel*, 795 N.W.2d 251, 255 (Minn. App. 2011) (quotation omitted); *see State v. Mendoza*, 638 N.W.2d 480, 483 (Minn. App. 2002) ("If the district court has discretion to depart from a presumptive sentence, it must exercise

---

[3] In fact, Erkkila's brief notes that since he "arrived at MCF – St. Cloud, he has thrown himself wholeheartedly into programs that will make the best of his time in the institution."

that discretion by deliberately considering circumstances for and against departure."), *review denied* (Minn. Apr. 16, 2002). In this case, the district court continued the sentencing hearing for two days to "find out what [the probation department's] recommendations would be in the event of a departure." And the district court considered Erkkila's written motion, oral arguments from both parties, and the victim-impact statement. Thus, the record shows that the district court considered the reasons for and against departure, including Erkkila's need for chemical-dependency treatment and public safety. In addition, the postconviction court's order shows that it considered the new information regarding Erkkila's acceptance at a locked, long-term chemical-dependency-treatment facility.

In sum, the district and postconviction courts deliberately considered the circumstances for and against departure and concluded that a dispositional departure was not warranted. This is not a rare case in which we would reverse the imposition of a presumptive sentence.

**Affirmed.**

9