*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1121**

State of Minnesota,
Respondent,

vs.

Scott Anthony Hebert,
Appellant.

**Filed April 25, 2016
Affirmed
Johnson, Judge**

Anoka County District Court
File No. 02-CR-14-7961

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Anthony C. Palumbo, Anoka County Attorney, Kelsey R. Kelley, Assistant County Attorney, Anoka, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jennifer L. Lauermann, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Schellhas, Presiding Judge; Johnson, Judge; and John P.

Smith, Judge.*

---

        *Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**JOHNSON**, Judge

Scott Anthony Hebert pleaded guilty to violating a domestic-abuse no-contact order. He argues that the district court erred by denying his motion for a downward dispositional departure from the presumptive sentencing guidelines range. We affirm.

**FACTS**

In December 2014, an Anoka County deputy sheriff stopped a vehicle driven by Hebert. T.M. was a passenger in the vehicle. A domestic-abuse no-contact order prohibited Hebert from having contact with T.M. at that time. Hebert had three previous convictions related to domestic violence: a 2009 domestic-assault conviction, a 2014 gross misdemeanor domestic-assault conviction, and a 2014 felony domestic-assault conviction.

The state charged Hebert with one count of violating a domestic-abuse no-contact order within ten years of the first of two or more previous qualified convictions related to domestic violence, in violation of Minn. Stat. § 629.75, subd. 2(d)(1) (2014). In February 2015, the state and Hebert entered into a plea agreement in which Hebert agreed to plead guilty and the state agreed that his sentence would be no longer than the shortest sentence of the presumptive sentencing guidelines range and that any prison time could be served concurrently with an existing sentence in an unrelated case.

At sentencing in April 2015, Hebert moved for a downward dispositional departure. He argued that he is amenable to probation and treatment and that his conduct was less serious than the typical case because T.M. consented to the unlawful contact. The state opposed the motion on the grounds that Hebert had committed domestic assault on multiple

occasions and that a concurrent executed sentence of the maximum agreed-upon duration would extend his current imprisonment by only three months. The district court denied Hebert's motion for a downward dispositional departure and imposed an executed sentence of 21 months of imprisonment, which is at the low end of the presumptive guidelines range. *See* Minn. Sent. Guidelines 4.A, 5.A (2014). Hebert appeals.

## D E C I S I O N

Hebert argues that the district court erred by denying his motion for a downward dispositional departure from the presumptive sentencing guidelines range.

The Minnesota Sentencing Guidelines generally provide for a presumptive sentence for a felony offense. Minn. Sent. Guidelines 2.C (2014). The presumptive sentence is "presumed to be appropriate for all typical cases sharing criminal history and offense severity characteristics." Minn. Sent. Guidelines 1.B.13 (2014). Accordingly, a district court "must pronounce a sentence . . . within the applicable [presumptive] range unless there exist identifiable, substantial, and compelling circumstances to support a departure." Minn. Sent. Guidelines 2.D.1. If a district court departs from the presumptive guidelines range, the district court is required to state the reason or reasons for the departure. Minn. Sent. Guidelines 2.D.1.c. But if a district court does *not* depart from the presumptive guidelines range, the district court is *not* required to state the reason or reasons for not departing from the presumptive guidelines sentence. *State v. Johnson*, 831 N.W.2d 917, 925 (Minn. App. 2013), *review denied* (Minn. Sept. 17, 2013); *State v. Van Ruler*, 378 N.W.2d 77, 80 (Minn. App. 1985).

3

A district court may impose a downward dispositional departure from the presumptive guidelines sentence if a defendant has a "particular amenability to individualized treatment in a probationary setting." *State v. Trog*, 323 N.W.2d 28, 31 (Minn. 1982). In considering whether a defendant is particularly amenable to probation so as to justify a downward dispositional departure, a district court may consider, among other factors, "the defendant's age, his prior record, his remorse, his cooperation, his attitude while in court, and the support of friends and/or family." *Id.* If a defendant requests a downward dispositional departure, the district court must "deliberately consider[]" the factors that are urged by a defendant in support of the motion. *State v. Mendoza*, 638 N.W.2d 480, 483 (Minn. App. 2002), *review denied* (Minn. Apr. 16, 2002). If a district court denies a defendant's motion for a downward dispositional departure, the district court need not discuss all of the *Trog* factors. *State v. Pegel*, 795 N.W.2d 251, 254 (Minn. App. 2011). Furthermore, "the mere fact that a mitigating factor is present . . . does not obligate the court to place [a] defendant on probation." *Id.* at 253-54 (quotation omitted). This court applies a very deferential standard of review to a district court's denial of a defendant's motion for a downward dispositional departure. *See State v. Bertsch*, 707 N.W.2d 660, 668 (Minn. 2006). We will reverse such a decision only if the district court abused its discretion. *Pegel*, 795 N.W.2d at 253.

In this case, the district court received oral arguments from both the prosecutor and Hebert's attorney. The district court allowed Hebert to address the court personally by way of allocution. Hebert took advantage of the opportunity by stating that his elderly mother needs his attention, that he intends to attain sobriety, and that he is working on obtaining a

4

high-school diploma. The district court responded to Hebert by approving of the chemical-dependency treatment he was receiving in prison. The district court stated that it was disinclined to make a downward dispositional departure because of the relatively short amount of time that Hebert would be on probation given the duration of the presumptive sentence. The district court stated that the most appropriate sentence is an executed sentence. In light of the record as a whole, the transcript of the sentencing hearing reveals that the district court exercised its discretion and "deliberately consider[ed]" the factors that Hebert urged in support of his motion. *See Mendoza*, 638 N.W.2d at 483.

Hebert contends that the district court erred because it "analyzed the request for a departure without consideration of the *Trog* factors" and because "nothing in the record indicates the court considered [Hebert's evidence of amenability] in full while deciding the motion for a dispositional departure." Hebert's contention appears to be based on the premise that a district court must *expressly* consider each of the *Trog* factors before denying a motion for a downward dispositional departure. But there is no such requirement. In fact, this court has held to the contrary. As stated above, if a district court denies a defendant's motion for a downward dispositional departure, the district court need not discuss all of the *Trog* factors. *Pegel*, 795 N.W.2d at 254. Furthermore, if a district court imposes a presumptive sentence, the district court is not required to state the reason or reasons for doing so. *Johnson*, 831 N.W.2d at 925; *Van Ruler*, 378 N.W.2d at 80. The only requirement when a defendant moves for a downward dispositional departure is that the district court consider the reasons urged by the defendant and exercise its discretion to

grant or deny the motion. *Van Ruler*, 378 N.W.2d at 80-81. We are satisfied that the district court did so in this case.

In sum, the district court did not err by denying Hebert's motion for a downward dispositional departure.

**Affirmed.**