*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A16-0573**

State of Minnesota,
Respondent,

vs.

Jerry Lee Collins,
Appellant.

**Filed December 5, 2016**
**Affirmed**
**Cleary, Chief Judge**

Polk County District Court
File No. 60-CR-15-610

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Greg Widseth, Polk County Attorney, Scott A. Buhler, Assistant County Attorney, Crookston, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Rochelle R. Winn, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Schellhas, Presiding Judge; Cleary, Chief Judge; and Ross, Judge.

**UNPUBLISHED OPINION**

**CLEARY**, Chief Judge

On appeal from a sentencing order, appellant Jerry Lee Collins challenges the district court's denial of his motion for a downward dispositional departure. Because we conclude that the district court properly exercised its discretion, we affirm.

**FACTS**

On April 11, 2015, appellant was involved in an altercation with his adult son L.W. at appellant's apartment. Upon arrival, police spoke with L.W. and observed a straight, three-inch laceration on L.W.'s neck that was bleeding slightly. L.W. appeared moderately intoxicated and smelled of alcohol. Appellant also appeared intoxicated and told police that L.W. struck him in the face, destroyed his property, and walked into a knife. Appellant reported no injuries. After appellant showed police where the knife was located, police arrested him.

The next day, an officer interviewed appellant in jail. Appellant said that he had a folding knife out and open and believed that L.W. walked into it. Police again spoke with L.W., who said that appellant put the knife to his neck and then said, "See what I can do to you." L.W. said that appellant had threatened to kill him and would not allow him to leave the apartment.

Appellant was charged with assault in the second degree while using a dangerous weapon in violation of Minn. Stat. § 609.222, subd. 1 (2014), and with terroristic threats in violation of Minn. Stat. § 609.713, subd. 1 (2014). Appellant pleaded guilty to the second-

degree assault charge in exchange for the dismissal of the terroristic-threats charge. Under the plea agreement, both parties were free to present argument about the appropriate sentence.

Prior to sentencing, probation completed a presentence investigation (PSI), which revealed that appellant had several violent felonies dating back to 1993 and a number of past misdemeanors on his criminal record. The PSI report showed that appellant had violated the terms of his probation in 1996 and 2007 for underlying felonies, resulting in executed sentences, and had also violated his probation in 2003 for a misdemeanor. At the time of the offense, appellant was under a probationary supervision term stemming from a 2011 conviction for failing to register as a predatory offender. The sentencing worksheet, which revealed that appellant had five criminal-history points, noted that the presumptive sentence was 51 months in prison.

Appellant moved for a downward dispositional departure, arguing that he was particularly amenable to probation. Probation recommended the guidelines executed sentence and noted that while appellant was doing well on supervision until the April 2015 offense, he did not show remorse for the actions at issue.

At sentencing, appellant was heard on his motion. The state opposed the departure motion, arguing that appellant was not amenable to probation because he had a criminal history going back 20 years, which included violent offenses, and because he had violated probation in the past.

After considering appellant's motion, the state's response, and reading a letter from appellant addressed to the court, the district court told appellant, "I cannot find any substantial and compelling reason under the law for a dispositional departure in your case, and I cannot find under the law that you're particularly amenable to probation, as required, based upon not only the facts of this case but upon your significant criminal history." The district court sentenced appellant to a 51-month prison term. Appellant now appeals.

## D E C I S I O N

Appellant argues that the district court abused its discretion by denying his motion for a downward dispositional departure. Appellate courts give district courts great discretion in the imposition of sentences and reverse sentencing decisions only for an abuse of discretion. *State v. Soto*, 855 N.W.2d 303, 307-08 (Minn. 2014). "[I]t would be a rare case which would warrant reversal of the refusal to depart." *State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981).

District courts must pronounce the presumptive "sentence within the applicable range unless there exist identifiable, substantial, and compelling circumstances" that distinguish the case and overcome the presumption in favor of the guidelines sentence. Minn. Sent. Guidelines 2.D.1 (2014); *Soto*, 855 N.W.2d at 308. A defendant's particular amenability to probation is a valid reason to depart dispositionally from an executed sentence to a stayed sentence. *State v. Trog*, 323 N.W.2d 28, 31 (Minn. 1982). "Numerous factors, including the defendant's age, his prior record, his remorse, his cooperation, his attitude while in court, and the support of friends and/or family, are relevant to a

4

determination whether a defendant is particularly suitable to individualized treatment in a probationary setting." *Id.* Even where circumstances exist to depart, a district court is not obligated to grant a departure motion. *State v. Bertsch*, 707 N.W.2d 660, 668 (Minn. 2006). A district court, though, is required to exercise its discretion "by deliberately considering circumstances for and against departure." *State v. Mendoza*, 638 N.W.2d 480, 483 (Minn. App. 2002), *review denied* (Minn. Apr. 16, 2002).

Appellant argues that the district court abused its discretion by failing to depart because there was evidence of a particular amenability to probation—mainly, appellant had significant chemical and mental health needs, he had been accepted into a chemical-dependency treatment program, and he had a good attitude towards treatment and rehabilitation. Appellant also argued to the district court that he was remorseful, dedicated to changing, and was successful on probation up until the current offense.

However, the mere fact that a mitigating factor is present in a particular case does not obligate a district court to depart or impose a shorter sentence or probation instead of a presumptive sentence. *State v. Pegel*, 795 N.W.2d 251, 253-54 (Minn. App. 2011).

Here, the district court noted on the record that it considered appellant's written motion and the PSI report. The district court also heard appellant's arguments in open court and read appellant's letter to the court, in which he asked for a chance to attend chemical-dependency treatment. After considering appellant's motion and the state's response, the district court could not find any substantial and compelling reasons under the law to depart and agreed with the state that appellant was not particularly amenable to

5

probation because of his criminal history. Because the district court deliberately considered circumstances for and against departure, it properly exercised its discretion in refusing to depart from the presumptive sentence.

**Affirmed.**