*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-1117**

State of Minnesota,
Appellant,

vs.

Anthony Ra Hare,
Respondent.

**Filed January 30, 2017
Reversed and remanded
Jesson, Judge**

Ramsey County District Court
File No. 62-CR-15-9082

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John Choi, Ramsey County Attorney, Thomas Ragatz, Assistant County Attorney, St. Paul, Minnesota (for appellant)

Cathryn Middlebrook, Chief Appellate Public Defender, Veronica M. Surges, Assistant Public Defender, St. Paul, Minnesota (for respondent)

Considered and decided by Jesson, Presiding Judge; Ross, Judge; and Schellhas, Judge.

# UNPUBLISHED OPINION

**JESSON**, Judge

In this sentencing appeal, appellant State of Minnesota challenges the district court's imposition of a 48-month stayed sentence for first-degree aggravated robbery, which

constitutes a downward dispositional departure from the presumptive guidelines sentence of 48 months in prison. Because the district court abused its discretion by failing to find substantial and compelling circumstances to justify a sentencing departure, we reverse and remand for resentencing.

## FACTS

Respondent Anthony Ra Hare pleaded guilty to first-degree aggravated robbery for his role in an incident in November 2015, when he took the victim's shoes and wallet at gunpoint. *See* Minn. Stat. § 609.245, subd. 1 (2014). The guidelines sentence for a conviction of first-degree aggravated robbery is 48 months for a defendant with a criminal history score of zero. Minn. Sent. Guidelines 4.A (2015). At sentencing, Hare moved for a downward dispositional departure, explaining that he was remorseful and had no criminal history. Further, while on release pending sentencing, he applied for employment and re-enrolled in high school while under the tutelage of his family and other community members. The state recommended the guidelines sentence, arguing that Hare minimized his involvement with the offense, did not accept responsibility, and showed no remorse for committing an extremely dangerous offense.

Before pronouncing sentence, the district court expressly found that "Hare hasn't been able to demonstrate particular amenability to probation" and that there were no "substantial, unique, and compelling circumstances in this case." Nonetheless, the district court granted Hare's motion for a downward dispositional departure, finding him amenable to probation, although the district court told Hare, "Whether or not you are uniquely amenable is something that's going to be up to you to prove." The district court stayed

execution of a 48-month prison term for 20 years and ordered him to serve 365 days in jail, with credit for time served. The district court explained:

> I am, and I recognize it's not part of the rules, taking into account your young age, your community support, given the strong support you have from your father. The fact that you seem on the verge of understanding the significance of what happened here and how damaging it is to the community, to the life of the person you attacked and your own life. And I'm just finding this to be a situation where I want to take a chance on you. But, it's not very well supported by what you have done so far.

The district court also noted that "in ordering the departure . . . I'm actually going beyond what is permitted." This appeal follows.

## DECISION

We review the district court's departure from a presumptive sentence for an abuse of discretion. *State v. Soto*, 855 N.W.2d 303, 307-08 (Minn. 2014). The sentences or ranges of sentences in the Minnesota Sentencing Guidelines are presumed to be appropriate. *Id.* at 308. While the district court has great discretion when imposing a sentence, the court must pronounce a guidelines sentence "unless there exist identifiable, substantial, and compelling circumstances." *Id.* (quotation omitted). By requiring the district court to find substantial and compelling circumstances before departure, the sentencing guidelines promote rationality, predictability, and consistency in sentencing. *See State v. Misquadace*, 644 N.W.2d 65-68 (Minn. 2002) (explaining that the purpose of the guidelines is to reduce sentencing disparity); Minn. Sent. Guidelines 1.A (2015). The district court must provide reasons why the departure is more appropriate than the presumptive sentence. *Taylor v. State*, 670 N.W.2d 584, 588 (Minn. 2003). Absent such

3

a finding of substantial and compelling circumstances, the district court abuses its discretion. *Soto*, 855 N.W.2d at 308.

Here, the district court's reason for a departure was that Hare may be amenable to probation, taking into account his age and support from the community, especially from his father. But the district court did not make a finding of substantial and compelling circumstances in this case. Instead, the district court departed from the presumptive guidelines sentence even after it specifically found that these factors did *not* present "substantial, unique and compelling circumstances in this case."

Hare argues that the district court's action in sentencing him to probation shows that the district court considered him particularly amenable to probation and that the record supports this finding. But it is not for this court to make findings regarding Hare's circumstances. That is the province of the district court. *See Fontaine v. Steen*, 759 N.W.2d 672, 679 (Minn. App. 2009). Without these findings, a departure from a presumptive sentence is an abuse of discretion. *Misquadace*, 644 N.W.2d at 72. This is not to suggest that the district court's failure to use the specific word "particularly" or "particular" as a qualifier in reference to Hare's amenability to probation is dispositive. Appellate courts will not reverse a sentencing decision "as long as the record shows the sentencing court carefully evaluated all the testimony and information presented before making a determination." *State v. Pegel*, 795 N.W.2d 251, 255 (Minn. App. 2011) (quotation omitted). But this record does not reflect that careful evaluation. It reflects an attempt at judicial clemency beyond what the law permits, as the district court recognized when granting the sentencing departure.

4

While the district court identified mitigating factors in Hare's case, because it failed to find that those factors presented a substantial or compelling reason to depart from the guidelines sentence, we reverse and remand for resentencing.

**Reversed and remanded.**