*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A22-1717**

State of Minnesota,
Respondent,

vs.

Luis Alejandro Esteban Esquivel,
Appellant.

**Filed November 13, 2023**
**Affirmed**
**Cochran, Judge**

Hennepin County District Court
File No. 27-CR-22-689

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Mary F. Moriarty, Hennepin County Attorney, Adam E. Petras, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Amy Lawler, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Cochran, Presiding Judge; Johnson, Judge; and Kirk, Judge.*

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**COCHRAN**, Judge

In this direct appeal from his conviction for first-degree criminal sexual conduct, appellant argues that the district court abused its discretion by not imposing a downward dispositional departure from his presumptive prison sentence. Because the district court carefully considered the reasons for and against departure before imposing the presumptive sentence, we affirm.

## FACTS

In January 2022, respondent State of Minnesota charged appellant Luis Alejandro Esteban Esquivel with one count of first-degree criminal sexual conduct involving a 13-year-old victim. The offense charged required the victim to be under 14 years of age and the actor to be more than 36 months older than the victim. Minn. Stat. § 609.342, subd. 1a(e) (Supp. 2021). The complaint alleged that, after corresponding online, Esteban Esquivel and the victim met, smoked marijuana, and engaged in sexual activity. At the time, Esteban Esquivel was 20 years old. Esteban Esquivel pleaded guilty in a straight plea. Esteban Esquivel admitted to contacting the victim online, meeting up with her in September 2021, and engaging in sexual penetration.

After Esteban Esquivel pleaded guilty, the district court ordered a presentence investigation (PSI) and a psychosexual evaluation for Esteban Esquivel. Both were completed prior to sentencing. The PSI recommended that Esteban Esquivel receive a downward dispositional departure—specifically, a stayed 201-month sentence and probation for at least five years.

The district court held a sentencing hearing in September 2022. At the sentencing hearing, the district court heard from counsel for the parties, the probation officer who prepared the PSI, Esteban Esquivel himself, and the parents of the victim.

Esteban Esquivel's counsel urged the court to grant a downward dispositional departure consistent with the recommendation in the PSI. Counsel argued that a departure was justified because (1) Esteban Esquivel demonstrated borderline intellectual functioning; (2) Esteban Esquivel accepted responsibility and expressed remorse; and (3) probation in combination with a stayed sentence of up to 201 months would better ensure public safety than would placing Esteban Esquivel in prison. After his counsel addressed the court, Esteban Esquivel told the court that he was sorry for what the victim went through and that he "accept[s] accountability for what has been going on in this situation." The probation officer continued to recommend a stayed sentence and probation.

The state opposed a downward dispositional departure. The state urged the district court to sentence Esteban Esquivel to the presumptive executed prison term. The state based its recommendation on (1) the psychosexual evaluation's conclusion that Esteban Esquivel was at an above-average risk for reoffending; (2) Esteban Esquivel's criminal history and lack of success with probation; and (3) the significant impact the offense had on the 13-year-old victim. The state also offered victim impact statements from the victim's parents highlighting the victim's substantial mental health struggles and the resulting hardship to her family from the offense.

After considering the parties' arguments and the information in the record, including the PSI and the psychosexual evaluation, the district court denied Esteban Esquivel's

3

request for a downward dispositional departure. The district court concluded that the record did not support a finding that Esteban Esquivel lacked a substantial capacity for judgment at the time of the offense. The district court also concluded that Esteban Esquivel failed to show that he is particularly amenable to probation. The district court emphasized that Esteban Esquivel was on probation at the time of the criminal-sexual-conduct offense and noted that Esteban Esquivel had at least two prior probation violations, including one shortly before the criminal-sexual-conduct offense. The district court explained: "When I see someone's history on probation when he did have a prison sentence hanging over his head and he continued to violate the terms of probation . . . that is concerning to this court." The district court concluded by stating that it had "grave concerns for whether [Esteban Esquivel] would be following his probation and treatment" if the request was granted and expressed "concerns for public safety." The district court sentenced Esteban Esquivel to 144-months' imprisonment, which was at the bottom of the presumptive sentencing range.

Esteban Esquivel appeals.

## DECISION

The Minnesota Sentencing Guidelines establish presumptive sentences for felony offenses and seek to "maintain uniformity, proportionality, rationality, and predictability in sentencing." Minn. Stat. § 244.09, subd. 5 (2020). A district court may depart from a presumptive sentence only when there are "identifiable, substantial, and compelling circumstances" that justify the departure. Minn. Sent'g Guidelines 2.D.1 (2020). "[D]epartures from the guidelines are discouraged and are intended to apply to a small number of cases." *State v. Solberg*, 882 N.W.2d 618, 623 (Minn. 2016). The sentencing

4

guidelines provide nonexclusive lists of mitigating and aggravating factors that may justify a departure. Minn. Sent'g Guidelines 2.D.3 (2020). But, even when mitigating factors exist, a district court is not obligated to depart from a presumptive sentence. *State v. Wall*, 343 N.W.2d 22, 25 (Minn. 1984).

Whether to depart from the sentencing guidelines rests within the district court's sound discretion, and we will not reverse the district court's sentencing decision absent an abuse of that discretion. *State v. Soto*, 855 N.W.2d 303, 307-08 (Minn. 2014). When the record demonstrates that a district court carefully evaluated all the testimony and information presented at sentencing, an appellate court "*may not* interfere" with the district court's decision to reject a request for a departure. *State v. Van Ruler*, 378 N.W.2d 77, 80-81 (Minn. App. 1985) (emphasis added). Accordingly, a refusal to depart from the presumptive sentence will be reversed only in "a rare case." *State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981).

Esteban Esquivel argues that the district court abused its discretion by denying his request for a downward dispositional departure because mitigating factors support a departure—specifically, his particular amenability to probation and his lack of substantial capacity for judgment. We address his arguments regarding each factor in turn.

*Particular Amenability to Probation*

The sentencing guidelines provide that a downward dispositional departure may be justified when the offender is "particularly amenable to probation." Minn. Sent'g Guidelines 2.D.3.a(7) (2020). "[M]erely being amenable to probation" is insufficient as "requiring a defendant to be *particularly* amenable to probation . . . distinguishes the

defendant from most others and truly presents the substantial and compelling circumstances that are necessary to justify a departure." *Soto*, 855 N.W.2d at 308-09 (quotation omitted). The supreme court has recognized that several factors, known as the *Trog* factors, "can be relevant to determining if a defendant is particularly amenable to probation, including 'the defendant's age, his prior record, his remorse, his cooperation, his attitude while in court, and the support of friends and/or family.'" *Id.* at 310 (quoting *State v. Trog*, 323 N.W.2d 28, 31 (Minn. 1982)). Even if a district court finds the existence of one or more *Trog* factors based on the record, the district court is not required to depart. *Wells v. State*, 839 N.W.2d 775, 781 (Minn. App. 2013), *rev. denied* (Minn. Feb. 18, 2014).

Esteban Esquivel argues that the record reflects that he is particularly amenable to probation and the district court should have granted a downward dispositional departure on this basis. In support of his position, he notes that he admitted guilt, took responsibility for his criminal conduct, possesses a strong motivation to continue in treatment, and has access to community services. While these factors may weigh in favor of a finding that Esteban Esquivel is particularly amenable to probation, the district court cited other circumstances to support its determination that Esteban Esquivel is not particularly amenable to probation. For example, the district court explained that Esteban Esquivel's prior probation violations along with the fact that the current offense occurred while he was on probation put Esteban Esquivel's ability to comply with probation in serious doubt. It also explained that Esteban Esquivel's criminal and probationary history posed public safety concerns. We discern no abuse of discretion where, as here, the district court carefully weighs "valid reasons" for departure against reasons for not doing so. *See Kindem*, 313 N.W.2d at 8.

Esteban Esquivel also argues that the district court abused its discretion by failing to fully consider each of the *Trog* factors in its determination as to whether he is particularly amenable to probation. This argument is also unavailing. This court has previously held that a district court is not required to discuss each of the *Trog* factors on the record before deciding to impose the presumptive sentence. *State v. Pegel*, 795 N.W.2d 251, 254 (Minn. App. 2011). In fact, when a district court "considers reasons for departure but elects to impose the presumptive sentence," the district court need not explain its decision to impose the presumptive sentence. *Van Ruler*, 378 N.W.2d at 80. Accordingly, the district court's on-the-record consideration of Esteban Esquivel's amenability to probation in this case was more than sufficient and did not constitute an abuse of discretion.

*Capacity for Judgment*

According to the sentencing guidelines, a downward dispositional departure may also be justified when the offender "lacked substantial capacity for judgment when the offense was committed." Minn. Sent'g Guidelines 2.D.3.a(3) (2020). But, again, the presence of this factor does not require a district court to depart from the presumptive sentence. *State v. Musse*, 981 N.W.2d 216, 222 (Minn. App. 2022), *rev. denied* (Minn. Dec. 28, 2022).

Esteban Esquivel contends that the district court abused its discretion by refusing to depart in light of his "borderline intellectual function." Esteban Esquivel blends this analysis with another factor that can support a downward dispositional departure: when "[o]ther substantial grounds exist that tend to excuse or mitigate the offender's culpability, [without] amounting to a defense." Minn. Sent'g Guidelines 2.D.3.a(5) (2020). In support

7

of this argument, Esteban Esquivel asserts that he did not know the victim was 13 years old and that he thought he was engaging in sexual activity with an adult. On this basis, Esteban Esquivel argues that the district court should have departed because he is "a young adult with low intellectual function [that] had inadvertently committed a sex offense."

Esteban Esquivel's argument is unavailing. The district court reviewed the evidence in the record relevant to Esteban Esquivel's intellect, including the psychosexual report's findings and the PSI. The district court recognized that the psychosexual evaluator indicated that Esteban Esquivel's intellectual functioning "was borderline." But the district court then explained that the record reflects that neither the psychosexual evaluator nor the PSI assessor provided a formal diagnosis regarding Esteban Esquivel's mental capacity, and that neither was qualified to do so. The district court's finding that Esteban Esquivel did not lack substantial capacity for judgment at the time of the offense is supported by the record. Moreover, even if Esteban Esquivel did lack substantial capacity, the district court was not required to depart. *See Musse*, 981 N.W.2d at 222. Esteban Esquivel offers no authority holding a district court must grant a departure under these circumstances.

In sum, the district court sentenced Esteban Esquivel to the presumptive sentence only after carefully considering Esteban Esquivel's arguments for a departure based on the record before it. Accordingly, we discern no abuse of discretion.

**Affirmed.**

8