*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-0186**

State of Minnesota,
Respondent,

vs.

Christopher Eric Vines,
Appellant.

**Filed January 16, 2024**
**Affirmed**
**Smith, Tracy M., Judge**

St. Louis County District Court
File No. 69HI-CR-21-353

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Kimberly J. Maki, St. Louis County Attorney, Stacey Scholz, Assistant County Attorney, Virginia, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Charles F. Clippert, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Gaïtas, Presiding Judge; Smith, Tracy M., Judge; and Wheelock, Judge.

**NONPRECEDENTIAL OPINION**

**SMITH, TRACY M.**, Judge

In this direct appeal from the judgment of conviction for second-degree controlled-substance possession, appellant Christopher Eric Vines argues that the district court abused its discretion by denying his motion for a downward dispositional departure because Vines

demonstrated that he met the criteria for such a departure pursuant to Minnesota Statutes section 152.152 (2020). We affirm.

## FACTS

In April 2021, after police stopped Vines's vehicle for a traffic violation, Vines was arrested for an outstanding warrant. A search of his person and the vehicle he was driving uncovered a methamphetamine pipe and a lockbox containing 25.197 grams of methamphetamine. Respondent State of Minnesota charged Vines with one count of first-degree sale of a controlled substance, in violation of Minnesota Statutes section 152.021, subdivision 1(1) (2020), and one count of second-degree possession of a controlled substance, in violation of Minnesota Statutes section 152.022, subdivision 2(a)(1) (2020). A jury found Vines guilty of second-degree possession of a controlled substance for possessing over 25 grams of methamphetamine and not guilty of the first-degree sale charge.

At sentencing, Vines requested a downward dispositional departure or, in the alternative, a downward durational departure. In his argument for a dispositional departure, Vines requested that the district court find him "particularly amenable to probation" in accordance with Minnesota Sentencing Guidelines 2.D.3.a(8) (2020)[1] and Minnesota Statutes section 152.152.

---

[1] In the district court, the defense attorney referenced Minnesota Sentencing Guidelines 2.D.3.a(7), but he quoted the language of 2.D.3.a(8), which accords with his argument on appeal.

Section 2.D.3.a(8) of the Minnesota Sentencing Guidelines identifies the following as a mitigating factor that "may be used" as a reason for departure:

> In the case of a controlled substance offense conviction, the offender is found by the district court to be particularly amenable to probation based on adequate evidence that the offender is chemically dependent and has been accepted by, and can respond to, a treatment program in accordance with Minn. Stat. § 152.152.

Section 152.152, in turn, provides that, if a person is convicted under Minnesota Statutes sections 152.021, 152.022, 152.023, or 152.0262 (2020) and the guidelines call for a presumptive prison sentence, "[t]he sentence may be stayed based on amenability to probation only if the offender presents adequate evidence to the court that the offender has been accepted by, and can respond to, a treatment program that has been approved by the commissioner of human services." Minn. Stat. § 152.152.

Vines argued that he established the mitigating factor under these provisions because there was "no dispute that [he] is 'chemically dependent,'" had "long ago applied for acceptance into the Teen Challenge treatment program," and "ha[d] been provisionally accepted contingent on the requirements set forth in the acceptance letter" and so was entitled to a departure. The state argued that Vines's record did not demonstrate a particular amenability to probation and that a substantial and compelling reason for departure was not present.

The district court declined to grant a dispositional departure, stating:

> Well, as to the dispositional departure . . . I might empathize with Mr. Vines and everything that the defense has set out here. The—the reality is, is I do not believe that there are substantial and compelling circumstances that would justify a

3

dispositional departure—that he's shown any kind of really strong or compelling reason that he has responded to treatment and, in fact, I think the record shows something different. So, in regards to that, I am going to deny that.

The district court sentenced Vines to 58 months in prison and credited him with 564 days. The district court noted that the sentence was at the low end of the presumptive guidelines range to reflect that the weight of drugs he was found with was "just over the minimum threshold" of 25 grams.

Vines appeals.

**DECISION**

Vines argues that the district court abused its discretion by denying his request for a downward dispositional departure.

An appellate court "afford[s] the trial court great discretion in the imposition of sentences." *State v. Spain*, 590 N.W.2d 85, 88 (Minn. 1999). The use of permissive language—the word "may"—in the sentencing guidelines when discussing departures creates "broad discretion" for the district court in sentencing matters. *State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981). Generally, an appellate court will "reverse sentencing decisions only for an abuse of that discretion." *State v. Soto*, 855 N.W.2d 303, 307-08 (Minn. 2014).

The sentencing guidelines assign sentencing ranges that are "presumed to be appropriate" and allow departure from the applicable range only if "there exist identifiable, substantial, and compelling circumstances to support a departure." Minn. Sent'g Guidelines 2.D.1 (2020). A departure is not exclusively controlled by the guidelines but "is an exercise of judicial discretion constrained by statute or case law." *Id.* A district court

may depart "only if aggravating or mitigating circumstances are present" and those circumstances present a substantial and compelling reason to depart. *Soto*, 855 N.W.2d at 308 (emphasis omitted) (quotation omitted). "Because the guidelines' goal is to create uniformity in sentencing, departures are justified only in exceptional cases." *State v. Solberg*, 882 N.W.2d 618, 625 (Minn. 2016). And, while a district court may depart based on the presence of a mitigating factor that presents substantial and compelling circumstances, it is not obligated to do so. *State v. Pegel*, 795 N.W.2d 251, 253-54 (Minn. App. 2011).

Vines asserts that the district court "incorrectly determined that there had to be substantial and compelling circumstances before [it] could grant a departure" and that, instead, he only had to provide "adequate evidence" of the factors in Minnesota Statutes section 152.152 to warrant a departure. The state responds that substantial and compelling circumstances are required to depart and that section 152.152 does not lower that standard but rather further limits the discretion afforded to district courts when contemplating departures in controlled-substance cases. The state's argument is more persuasive.

As explained above, substantial and compelling circumstances are required to depart from a guidelines sentence. Minn. Sent'g Guidelines 2.D.1. Certain mitigating factors may provide a substantial and compelling reason to depart. *Soto*, 855 N.W.2d at 308. One mitigating factor identified by the guidelines that may provide a basis for departure is a finding of particular amenability to probation in a controlled-substance case. Minn. Sent'g Guidelines 2.D.3.a(8). For all types of offenses, particular amenability to probation can be demonstrated by such factors as "the defendant's age, his prior record, his remorse, his

5

cooperation, his attitude while in court, and the support of friends and/or family." *State v. Trog*, 323 N.W.2d 28, 31 (Minn. 1982). When the case involves a controlled-substance violation under one of the enumerated sections of Minnesota Statutes chapter 152, however, the defendant must provide adequate evidence that they are (1) chemically dependent, (2) have been accepted by a treatment program, and (3) can respond to such treatment, in accordance with Minnesota Statutes section 152.152. Minn. Sent'g Guidelines 2.D.3.a(8). Section 152.152 dictates that a district court "may" depart based on amenability to probation "only if" those three requirements have been satisfied. Minn. Stat. § 152.152. In addition, the defendant must establish that the treatment program is approved by the commissioner of human services. *Id.* And, although not an issue in the present case, section 152.152 adds that "[t]he court may impose a sentence that is a mitigated dispositional departure on any other ground only if the court includes as a condition of probation incarceration in a local jail or workhouse." *Id.*

Read together, the sentencing guidelines and section 152.152 provide that a district court may grant a dispositional departure from a presumptive executed sentence for a controlled-substance offense only if the district court determines that particular amenability to probation presents a substantial and compelling circumstance and the defendant has provided adequate evidence to satisfy the requirements of the statute.

As a result, the district court here did not abuse its discretion by requiring substantial and compelling circumstances to depart. Nor did it abuse its discretion by finding such circumstances lacking. The district court considered Vines's argument that he had shown himself to be responsive to treatment in the past and had maintained periods of sobriety.

6

But the district court also considered the state's argument that Vines, after completing treatment, was convicted of driving while impaired in 2013 and later committed other offenses, including the current controlled-substance offense. We discern no abuse of discretion in the district court's determination that the record did not reflect substantial and compelling circumstances justifying a departure from the presumptive sentencing disposition.

**Affirmed.**